**Jose Jimenez PEREZ, Plaintiff–Appellant,**

v.

**Raymond ANDREWS; et al., Defendants—Appellees.**

**No. 03–16185.**

United States Court of Appeals, Ninth Circuit.

Submitted April 12, 2004.*

Decided April 16, 2004.

Jose Jimenez Perez, Taft, CA, pro se.

Terry Craig, Taft, CA, Carl M. Faller, Jr., Office of the U.S. Attorney, Fresno, CA, for Defendants–Appellees.

Before: HALL, O'SCANNLAIN, and RYMER, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

## MEMORANDUM **

Jose Jiminez Perez, a federal prisoner, appeals pro se the district court's judgment dismissing, pursuant to 28 U.S.C. § 1915(g), his *Bivens* action alleging that prison officials violated his constitutional rights by placing him in administrative housing following disciplinary proceedings and holding him there after he had served his punishment. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir.2000), and we affirm.

Perez' first amended complaint alleged that prison officials violated his constitutional rights by keeping him in administrative housing for approximately 24 days after he had finishing serving a legitimate punishment period. Perez' complaint also stated that prison officials continued to house him in administrative housing because no other beds were available in the prison at the time he completed his punishment period. The district court properly dismissed Perez's action for failure to state a claim for relief because the events as alleged do not rise to the "atypical and significant hardship" contemplated by *Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). *See Resnick*, 213 F.3d at 448–49; *Grayson v. Rison*, 945 F.2d 1064, 1067 (9th Cir.1991) (constitution imposes few restrictions on legitimate administrative authority in housing decisions).

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).